1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERRION PIPER,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents.*

2:06-cv-01221-RCJ-GWF

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on a motion (#12) to dismiss by respondents as well as a filing by petitioner docketed as a motion (#22) for expansion of the record. Petitioner has filed an opposition (#20) to the motion to dismiss and the respondents have filed a reply (#21). The petitioner's motion (#22) for expansion of the record in essence constitutes a surreply.

### *Background*

    Petitioner Perrion Piper seeks to set aside his 2004 conviction of grand larceny and burglary and his resulting adjudication as a habitual offender arising out of a theft from a patron inside a casino in downtown Las Vegas, Nevada. The respondents' motion to dismiss seeks dismissal of the petition in whole or in part, *inter alia*, on the basis that Ground One and a portion of Ground Three are not exhausted. In the present order, the Court reaches only

1  the exhaustion issue.  The Court defers any necessary consideration of the remaining issues
2  on the motion to dismiss until after, *inter alia*, the Court has acted on any request by petitioner
3  for dismissal or other appropriate relief with regard to the unexhausted grounds in response
4  to this order.

5                                    ***Governing Exhaustion Law***

6          Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court
7  remedies on a claim before presenting that claim to the federal courts.  To satisfy this
8  exhaustion requirement, the claim must have been fairly presented to the state courts
9  completely through to the highest court available, in this case the Supreme Court of Nevada.
10 *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329
11 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific
12 federal constitutional guarantee and must also state the facts that entitle the petitioner to relief
13 on the federal constitutional claim.  *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir.
14 2000).  That is, fair presentation requires that the petitioner present the state courts with both
15 the operative facts and the federal legal theory upon which his claim is based.  *E.g., Kelly v.
16 Small*, 315 F.3d 1063, 1066 (9th Cir. 2003).  The exhaustion requirement accordingly insures
17 that the state courts, as a matter of federal-state comity, will have the first opportunity to pass
18 upon and correct alleged violations of federal constitutional guarantees.  *See,e.g., Coleman
19 v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

20         Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed
21 petition presenting both exhausted and unexhausted claims must be dismissed without
22 prejudice unless the petitioner either dismisses the unexhausted claims or seeks other
23 appropriate relief.

24                                         ***Discussion***

25     **Ground One**

26         In federal Ground One, petitioner alleges that he was denied effective assistance of
27 counsel because trial counsel failed to challenge the photographic identification procedure
28 used by the police as impermissibly suggestive.

On direct appeal, petitioner's appellate counsel included the following in the fast track statement:

> **I.   The Appellant Cannot Argue the Due Process-Suggestive Identification Issue in This Case Because the Evidence Regarding That Issue Was Never Presented to the Jury**
>
> The Nevada Supreme Court has ruled that direct appeal is not the appropriate procedure for raising issues related to ineffective assistance of counsel. . . .  But to place this appeal in the proper context, the Appellant believes the Court must be informed about the key issue in this case, *which should ultimately come to the Court's attention by way of the post-conviction habeas corpus procedure*.

#16, Ex. J, at 7 (citations omitted; bold emphasis in original; italics added).  Appellate counsel discussed the facts and law potentially supporting a due process violation arising from the identification procedure used, but counsel acknowledged that the issue had not been raised or preserved in the trial court.  Counsel requested only that, if Supreme Court of Nevada otherwise affirmed the  convictions on direct appeal, the high court order the lower court to appoint counsel to investigate the issue.  *Id.*, at 7-9.

The Supreme Court of Nevada, in turn, expressly declined to consider any claim of ineffective assistance of trial counsel in this regard on direct appeal:

> Piper first contends that his trial counsel was ineffective for failing to file a pretrial motion to suppress evidence obtained in an unnecessarily suggestive photographic lineup.  We decline to consider Piper's contention.  Claims of ineffective assistance of counsel may not be raised on direct appeal, unless the claims have already been the subject of an evidentiary hearing.  In this case, no such hearing was conducted.  Accordingly, Piper must raise his claim of ineffective assistance of counsel in the district court in the first instance by initiating a post-conviction proceeding.

#16, Ex. N, at 1 (citation footnote omitted).

Petitioner's state post-conviction petition included a claim of ineffective assistance of counsel.  However, the ineffective assistance claim did not include any allegation that trial counsel was ineffective for failing to challenge the photographic identification procedure used by the police as impermissibly suggestive.  The petition included the underlying due process claim, but it did not present an ineffective assistance claim in this regard.  #16, Ex. O.

-3-

1       On the post-conviction appeal from the denial of the petition, petitioner included an

2   argument – for the first time in the post-conviction proceeding – that trial counsel had been

3   ineffective for failing to challenge the identification procedure as impermissibly suggestive.

4   #16, Ex. U (page numbers not legible).

5       The Supreme Court of Nevada, however, expressly declined to consider in the first

6   instance claims or facts that had not been previously presented in the state district court

7   proceedings below.  #16, Ex. X, at 5 n.11.

8       The ineffective assistance claim in federal Ground One was not fairly presented to the

9   state courts for disposition on the merits and is not exhausted.  Petitioner's arguments to the

10   contrary are not persuasive.

11       Petitioner first contends that the ineffective assistance claim was fairly presented to the

12   Supreme Court of Nevada in the fast track statement on direct appeal.  However, presenting

13   a claim in a procedural context in which the merits of the claim will not be considered, or will

14   be considered only in special circumstances, does not constitute fair presentation of the claim.

15   *See,e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380

16   (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  As petitioner's appellate

17   counsel acknowledged on direct appeal, the ineffective assistance claim could not be heard

18   on the direct appeal and instead would have to be raised in a post-conviction petition.  The

19   Supreme Court of Nevada further expressly declined to consider the claim on direct appeal.

20   Petitioner nonetheless urges that the claim was fairly presented on the direct appeal because

21   the state high court retained the discretion to review for plain error affecting substantial rights.

22   Even if this Court assumes, *arguendo*, that plain error review applies to ineffective assistance

23   claims on direct appeal under Nevada practice, it remains established law that a claim is not

24   fairly presented if it is presented in a procedural context where it will be considered only in

25   special circumstances.  Petitioner did not fairly present the claim on direct appeal.[1]

26       / / / /

27   

28       [1]The same holds true with respect to raising the claim for the first time on the post-conviction appeal.

1    Petitioner further contends, *inter alia*, that exhaustion is not required if it is clear that

2    the state court would hold that the claim is procedurally barred.

3    In this regard, the Court notes that the standards for excusing a procedural default are

4    substantially the same in Nevada state court as they are in federal court.  Accordingly, the

5    Court will not hold that this claim is exhausted in the absence of an unequivocal stipulation

6    by petitioner that Ground One in fact would be denied as untimely and/or successive if he

7    returned to state court to present the claim.  Any holding of exhaustion on this basis further

8    will be subject to the State's ability to then move to dismiss the claim on the basis of

9    procedural default.[2]  Such an unequivocal stipulation, to in truth be unequivocal in light of the

10   application of the procedural default rules under current Nevada state post-conviction

11   procedure, must include concessions that: (1) petitioner cannot avoid dismissal of the claim

12   in the state courts because he cannot demonstrate cause and prejudice in the state courts

13   to overcome these procedural bars;[3] (2) petitioner cannot avoid dismissal of the claim in the

14   state courts because he cannot demonstrate in the state courts that the alleged constitutional

15   violation has probably resulted in the conviction of one who is actually innocent and cannot

16   thereby overcome these procedural bars;[4] and (3) the procedural bars otherwise are now

17   consistently applied by the Nevada state courts, such that it is not possible that the state

18

19       [2]*See Morrison v. Mahoney*, 399 F.3d 1042, 1045-47 (9th Cir. 2005)(the State does not impliedly waive

20   the procedural default affirmative defense by not raising the defense in an initial motion to dismiss); *United
     States v. Valdez* 195 F.3d 544, 548 (9th Cir. 1999)(similar).  The Court notes that the Supreme Court recently

21   held that a district court could raise the federal time-bar defense *sua sponte* even after the State expressly
     conceded in its answer that the petition was timely.  *See Day v. McDonough*, 126 S.Ct. 1675 (2006).  As a

22   general matter, the circumstances under which the limitation and procedural default affirmative defenses
     must be raised by the State or can be raised by the district court *sua sponte* are the same for one defense as

23   they are for the other.  *See, e.g., Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

24       [3]*See, e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006)("A petitioner can overcome the bar to an

25   untimely or successive petition by showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360
     F.3d 1044, 1052 n.3 (9th Cir. 2004)(recognizing that Nevada's cause and prejudice analysis and the federal

26   cause and prejudice analysis are nearly identical).

27       [4]*See, e.g., Mitchell*, 149 P.3d at 36 ("Even when a petitioner cannot show good cause sufficient to
     overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner

28   can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually
     innocent," *citing  Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

-5-

1  courts, as a discretionary matter, would consider the claim despite the procedural default and

2  despite a failure to demonstrate either cause and prejudice or actual innocence.   In the

3  absence of such concessions, the Court will not hold that there is no possibility that the

4  unexhausted claim would be considered by the state courts in Nevada.

5        Petitioner's remaining contentions on the exhaustion issue similarly are without merit

6  and/or beg the question as to the lack of exhaustion of the ineffective assistance claim.

7        Ground One is not exhausted.

8  ***Ground Three***

9        In federal Ground Three, petitioner combines an ineffective assistance of counsel claim

10 with a due process claim.   Petitioner alleges that the victim's testimony that she had won

11 $300.00 and $400.00 jackpots on dollar slots at Binion's Hotel and Casino could not be

12 truthful because the casino – according to petitioner – did not pay out such jackpots on dollar

13 slot machines in the manner that she described or otherwise.   Petitioner contends that he was

14 denied effective assistance of counsel when his trial counsel failed to investigate and pursue

15 this issue and that he was denied due process when the State failed to prove the required

16 monetary amount element of grand larceny because the above supporting testimony was

17 false.

18       Petitioner did not include any such particularized claim of ineffective assistance of trial

19 counsel – as opposed to the due process claim – in his state post-conviction petition.   He

20 presents no argument specific to this ground seeking to establish that the ineffective

21 assistance claim in federal Ground Three was exhausted.   The ineffective assistance claim

22 in Ground Three was not exhausted.[5]

23

24 _____

25     [5]On the post-conviction appeal from the denial of the petition, petitioner included an argument – for the first time in the post-conviction proceeding – under state Ground One that trial counsel had been ineffective for failing to investigate the jackpot payout issue.  #16, Ex. U (page numbers not legible).

26 However, as noted with regard to federal Ground One, the Supreme Court of Nevada expressly declined to consider in the first instance claims or facts that had not been previously presented in the state district court

27 proceedings below.  #16, Ex. X, at 5 n.11.  As discussed previously, the presentation of a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special

28 circumstances, does not constitute fair presentation of the claim.  *See,e.g., Castille v. Peoples, supra.*

The motion to dismiss therefore will be granted in part on the basis of exhaustion, without prejudice to a renewed motion to dismiss on the remaining grounds after the Court has acted on any request by petitioner for dismissal or other appropriate relief with regard to the unexhausted grounds in response to this order.

In the petitioner's filing docketed as a motion (#22) for expansion of the record, petitioner maintains that the respondents improperly have sought to have a "second bite at the apple" by filing a reply to his opposition (which he characterized in error as a reply) to the motion to dismiss.  Petitioner confuses the answer and reply contemplated by Rule 5 of the Rules Governing Section 2254 Cases with the briefing schedule on a motion to dismiss.  On a motion to dismiss, it is entirely proper for the respondents to file a reply to the petitioner's opposition.  See Local Rule LR 7-2(c).  It instead has been petitioner who has sought to have a second bite at the apple by filing an improper surreply to the respondents' reply.  All requests in #22 accordingly are denied and the improper additional filing will be disregarded.

IT THEREFORE IS ORDERED that the motion (#12) to dismiss is GRANTED IN PART, as per the remaining provisions of this order, on the basis that the claims in Ground One and the ineffective assistance claim in Ground Three are not exhausted.  The Court defers consideration of the procedural default and other issues raised in the motion.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to file either:

> (1)  a motion for dismissal without prejudice of the entire petition, for partial dismissal only of Ground One and the ineffective assistance claim in Ground Three, and/or for other appropriate relief; or
>
> (2)  an unequivocal stipulation that Ground One and the ineffective assistance claim in Ground Three in fact would be denied as untimely and/or successive if he returned to state court to present the claims, in which he expressly concedes that: (a) petitioner

cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and prejudice in the state courts to overcome these procedural bars; (b) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the alleged constitutional violation has probably resulted in the conviction of one who is actually innocent and cannot thereby overcome these procedural bars; and (c) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence.

The entire petition will be dismissed without prejudice for lack of complete exhaustion if an appropriate motion or other response is not timely filed.

IT FURTHER IS ORDERED that respondents may file a new motion to dismiss on the basis of procedural default and/or other issues if the Court again orders a response to the claims then remaining before the Court. The parties, if they wish, may incorporate their prior arguments on the deferred issues in full from the present motion to dismiss.

IT FURTHER IS ORDERED that the petitioner's motion (#22) for expansion of the record is DENIED.

DATED:        November 20, 2007

_____
ROBERT C. JONES
United States District Judge

-8-