# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERRION PIPER,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents.*

2:06-cv-01221-RCJ-GWF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on the respondents' motion (#33) to dismiss. In the petition, Perrion Piper seeks to set aside his 2004 conviction, pursuant to a jury verdict, of grand larceny and burglary and his resulting adjudication as a habitual offender arising out of a theft from a patron inside a casino in downtown Las Vegas, Nevada. The respondents' motion seeks the dismissal of all remaining claims in the petition, either for lack of exhaustion or for procedural default. Petitioner has filed an opposition (#36) to the motion.

## *Discussion*

### *Ground 2*

In the remaining claim in Ground 2, petitioner alleges that he was denied effective assistance of counsel when trial counsel failed to argue against the withholding of allegedly exculpatory audio information in a videotape when the state trial court excluded the audio portion of the tape when it was shown to the jury.

Respondents contend that the above claim, to the extent presented in the federal petition, is not exhausted.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Petitioner urges that he did exhaust the ineffective assistance claim, on the following basis:

> Petitioner did include this argument in state habeas. However, Piper is guilty of unintentional inadvertence when he mis-identifies the ineffective assistance of counsel as a "suppression of evidence" and extrapolates his mis-step by stating the claim to be one of due process, instead of ineffective assistance.

#36, at 3, lines 4-8.

The foregoing argument essentially concedes that the ineffective assistance claim is not exhausted. Whether inadvertent or not, presenting a claim that the state court denied the petitioner due process when it suppressed evidence does not fairly present any ineffective assistance claim to the state courts. As the Court concluded previously, #32, at 6-7, state Ground 6 clearly did not present any claim of ineffective assistance of counsel to the state courts. See #16, Ex. O (unnumbered page following page 10).

-2-

Petitioner further urges that he is actually innocent of the charged offense and that failure to review the claim would result in an unconstitutional suspension of the writ of habeas corpus. A claim of actual innocence does not exempt a habeas petitioner from the exhaustion requirement. Actual innocence instead is considered with regard to the procedural default doctrine, in determining whether a fundamental miscarriage of justice would result from the failure to review a procedurally defaulted claim. A bald unsupported claim of actual innocence in any event would fall far short of carrying the petitioner's burden of demonstrating actual innocence under the relevant case law.[1] Petitioner's further assertion that dismissal of the claim as unexhausted would operate as an unconstitutional suspension of the writ is unpersuasive.

Ground 2 therefore is not exhausted.

***Ground 3***

In the remaining claim in Ground 3, petitioner alleges that he was denied due process when the State failed to prove the required monetary amount element – what he calls the "issue of value" or the "value element" – of grand larceny because the victim's supporting testimony allegedly was false. Petitioner alleges that the victim's testimony that she had won $300.00 and $400.00 jackpots on dollar slots at Binion's Hotel and Casino could not be

---

[1] In this regard, the standards for avoiding a procedural default (such as for an untimely and/or a successive state petition) are substantially the same in Nevada state court as they are in federal court. *See,e.g., Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004)(recognizing that Nevada's cause-and-prejudice analysis and the federal cause-and-prejudice analysis are nearly identical). The state courts also apply the same federal standard in determining whether to excuse a procedural default on the basis that a fundamental miscarriage of justice would result from failure to consider a claim because the constitutional violation likely has resulted in the conviction of a person who is actually innocent. *See,e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006)("Even when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent," *citing Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

Thus, if, *arguendo*, petitioner in fact were able to overcome a procedural default on a showing that a denial of review would result in a fundamental miscarriage of justice because he is actually innocent, there would be no reason why he could not first present the claim to the state courts along with his actual innocence argument. The state courts would be applying the same principles to his argument as would be applied in federal court. The Court notes again, however, that petitioner's bald assertion of actual innocence falls far short of demonstrating actual innocence under the relevant case law.

1 truthful because the casino – according to petitioner – did not pay out such jackpots on dollar
2 slot machines in the manner that she described or otherwise.[2]

3 Respondents contend that this claim is procedurally defaulted.

4 Under the procedural default doctrine, federal review of a habeas claim may be barred
5 if the state courts rejected the claim on an independent and adequate state law ground due
6 to a procedural default by the petitioner. Review of a defaulted claim will be barred even if
7 the state court also rejected the claim on the merits in the same decision. Federal habeas
8 review will be barred on claims rejected on an independent and adequate state law ground
9 unless the petitioner can demonstrate either: (a) cause for the procedural default and actual
10 prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of
11 justice will result in the absence of review. *See,e.g.,Bennet v. Mueller*, 322 F.3d 573, 580 (9th
12 Cir. 2003).

13 To demonstrate cause, the petitioner must establish that some external and objective
14 factor impeded his efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*,
15 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)*; Hivala v. Wood*, 195 F.3d
16 1098, 1105 (9th Cir. 1999). To demonstrate prejudice, he must show that the alleged error
17 resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both
18 cause and prejudice must be established. *Murray*, 477 U.S. at 494, 106 S.Ct. at 2649.

19 A petitioner may demonstrate cause by showing that the default resulted from a
20 constitutional deprivation of effective assistance of counsel under the *Strickland*[3] standard.
21 *See,e.g., Murray*, 477 U.S. at 488, 106 S.Ct. at 2645; *Cockett v. Ray*, 333 F.3d 938, 943-44
22 (9th Cir. 2003); *Hivala*, 195 F.3d at 958. The petitioner must show that: (1) counsel's
23 performance fell below an objective standard of reasonableness; and (2) there is a
24 reasonable probability that, but for counsel's alleged unprofessional errors, the outcome of
25 the proceeding would have been different. *See,e.g., Cockett*, 333 F.3d at 944. Attorney

---

27 [2]#6, at 7-7C.

28 [3]*Strickland v. Washington*, 466 U.S. 668, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

-4-

ignorance or inadvertence will constitute cause for default only if it rises to the level of constitutionally ineffective assistance of counsel under the *Strickland* standard. *Id.*

A claim corresponding to the due process claim in federal Ground 3 was presented as state Ground 5. The state district court held that state Ground 5 was waived under N.R.S. 34.810(1)(b) because it was not raised previously on direct appeal.[4] On the state post-conviction appeal, the state high court held that all claims that had been raised independently of ineffective assistance claims were waived under N.R.S. 34.810(1)(b) because petitioner had failed to demonstrate good cause for failing to raise the claims on direct appeal.[5]

The due process claim in federal Ground 3 therefore was rejected by the state courts on an independent and adequate state law ground due to the petitioner's procedural default.

Cause and prejudice may be established, however, by demonstrating that the claim was defaulted due to ineffective assistance of counsel. Petitioner maintained both in his state post-conviction petition and on the post-conviction appeal that appellate counsel was ineffective for failing to raise this issue on direct appeal.[6] In its prior order, this Court deferred further consideration of whether the due process claim in federal Ground 3 was procedurally defaulted until it had an adequate record upon which to determine whether appellate counsel was ineffective in failing to raise the underlying substantive claim presented in Ground 3.[7]

When evaluating claims of ineffective assistance of appellate counsel, the performance and prejudice prongs of the *Strickland* standard partially overlap. *E.g., Bailey v. Newland*, 263 F.3d 1022, 1028-29 (9th Cir. 2001); *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). Effective appellate advocacy requires weeding out weaker issues with less likelihood of

---

[4] #16, Ex. S, at 2 & 5.

[5] #16, Ex. X, at 2 n.3.

[6] #16, Ex. O, at 8A; *id.*, Ex. U (page numbers not legible). Petitioner further asserted on the state post-conviction appeal that trial counsel was ineffective for failing to pursue this issue at trial. He did not, however, articulate this claim in his state post-conviction petition, and the Supreme Court of Nevada declined to consider any claims not presented to the district court. This Court accordingly held that the claim of ineffective assistance of trial counsel was not exhausted. See #23, at 6 & n.5.

[7] #32, at 7-8.

success. The failure to present a weak issue on appeal neither falls below an objective standard of competence nor causes prejudice to the client for the same reason – because the omitted issue has little or no likelihood of success on appeal. *Id.*

The trial record at the time of the direct appeal included the following evidence pertaining to the amount of money stolen.[8]

The victim, Susan Kyllonen, testified that she was gambling in downtown Las Vegas on December 3, 2003. Kyllonen initially testified on direct that, while gambling at Binion's, she hit "[a] $700 jackpot." She clarified on cross-examination that she hit two jackpots of $300 and $400 for the $700 total. She testified that she won the jackpots while playing dollar slots at Binion's and that the machine was a coin machine rather than a ticket machine. Kyllonen testified that the casino paid her the $700 in seven one-hundred dollar bills, which she put in a cash wallet in her purse. She testified that as much as $1200 to $2000 may have been stolen from the cash wallet later at Fitzgerald's but that she was sure that at least $700 was stolen because she had been paid seven one-hundred dollar bills at Binion's.[9]

The defense rested without putting on any evidence.[10]

No evidence in the trial record established the size or sizes of Ms. Kyllonen's bets while playing dollar slots at Binion's,[11] the particular dollar machine that she played while at Binion's, or the possible payouts on the size or sizes of bets that she was making on the particular machine that she was playing that day.

---

[8] The Court makes no credibility findings or other factual findings regarding the truth or falsity of the evidence presented in the state courts, and it summarizes the evidence solely as background to the issue presented in this case. No statement of fact in describing testimony constitutes a finding of fact or credibility determination by this Court.

Further, the Court does not summarize all of the evidence presented in the state courts, including, in particular, the State's evidence tending to establish that petitioner was the individual who stole the victim's money. The Court instead summarizes the evidence pertinent to the petitioner's particular claim.

[9] #33-6, Ex. C, Part 4, at 86-90 & 95.

[10] #33-7, Ex. C, Part 5, at 124. As noted previously, the Court held that the related claim of ineffective assistance of trial counsel was not exhausted. See n. 6, *supra*.

[11] A slot machine often will allow bets ranging from a single coin to various amounts of multiple coins.

Nothing in the trial record established that it was not possible for Ms. Kyllonen to hit $300 and $400 jackpots. Nor did the trial record establish that it was not possible that Ms. Kyllonen received a payout including seven one-hundred dollar bills when she cashed out and was paid on her slot winnings by casino personnel.

On the state post-conviction appeal, the Supreme Court of Nevada rejected the petitioner's claim that appellate counsel was ineffective for failing to raise a claim regarding the State's alleged failure to prove the elements supporting grand larceny. The state high court noted that the jury had been presented with evidence as to the amount of the money stolen and returned a verdict of guilt for grand larceny.[12]

The state supreme court's rejection of the claim of ineffective assistance of appellate counsel was neither contrary to nor an unreasonable application of *Strickland*. Moreover, on *de novo* review, the claim is wholly without merit. Appellate counsel necessarily had to base the claims on direct appeal upon the trial evidence. There was absolutely no evidence in the trial record supporting Piper's later *pro se* claim that it was not possible for the victim to hit $300 and $400 jackpots at Binion's and receive a payout consisting of seven one-hundred dollar bills. Appellate counsel clearly did not render deficient performance by failing to raise a claim having no support in the trial record. Nor was petitioner prejudice by counsel's failure to do so, as the claim had absolutely no chance of success on appeal.

Petitioner's arguments to the contrary are not persuasive. Piper maintains in his unsworn opposition to the motion to dismiss:

> . . . Petitioner's family visited this same gambling establishment, shortly after Piper's arrest, and learned from one of the Horseshoe's [a prior name for Binion's] slot foreman [sic] that the amount in question, $700.00 was not a standard pay-out issued . . in the claimed denomination (seven one hundred dollar bills) for the section of the casino, where the victim was filmed playing the machines.

#36, at 4, lines 3-7. Piper urges that his counsel was ineffective for failing to investigate what the victim did back at Binion's prior to the theft at Fitzgerald's.

---

[12] #16, Ex. X, at 4.

1  Petitioner's argument is flawed, for a number of reasons.

2  First, petitioner is arguing ineffective assistance of *trial* counsel. The procedural default
3  in question was based upon the failure of *appellate* counsel to raise the due process claim
4  in federal Ground 3 on direct appeal. Even if alleged ineffective assistance of trial counsel
5  were relevant, this Court already has held that the claim of ineffective assistance of trial
6  counsel was not exhausted.[13] When ineffective assistance of counsel is claimed as cause
7  for a procedural default, the constitutional ineffective assistance claim must have been
8  presented to the state courts as a viable independent claim  *E.g., Cockett*, 333 F.3d at 943.
9  Petitioner did not do so here because the claim of ineffective assistance of trial counsel was
10 not fairly presented to and exhausted in the state courts.

11 Second, with regard to effective assistance of appellate counsel, none of the alleged
12 factual material alluded to in the petitioner's unsworn opposition was in the trial record.
13 Appellate counsel clearly did not provide ineffective assistance when he failed to challenge
14 the veracity of the victim's statements based upon purported evidence that was not in the trial
15 record.[14]

16 Petitioner therefore cannot establish cause and prejudice to overcome the procedural
17 default of the due process claim in federal Ground 3 based upon his failure to raise the due
18 process claim on direct appeal.

19 The remaining claim in Ground 3 therefore is barred by procedural default.

---

[13]See note 6, *supra*.

[14]The statements in the text suffice to reject the petitioner's argument. The Court notes further, however, that the petitioner's unsworn assertions are problematic in a number of additional respects. First, the incarcerated petitioner is making an unsworn statement about what he was told by unidentified family members about what they were told by an unidentified slot foreman. Nothing remotely approaching admissible evidence is reflected in petitioner's unsworn double hearsay. Second, the alleged slot foreman allegedly stated only that $700.00 was not a "standard" pay-out. Such alleged testimony would not establish that it was impossible for the victim to receive the payout that she testified that she received. Third, the alleged statements refer to the "section of the casino, where the victim was filmed playing the machines." The only videotape introduced at trial of the victim playing slot machines was a tape from *Fitzgerald's* – not from Binion's – that showed Ms. Kyllonen playing the machines at that casino at the time that Piper stole her cash from her purse. See #33-6, Ex. C, Part 4, at 79-86. In all events, appellate counsel clearly was not ineffective for failing to pursue this wholly unsupported claim on appeal based upon what actually was in the trial record.

***Grounds 4 and 5***

Respondents contend that the ineffective assistance claim in Ground 4 is unexhausted and that the due process claim in Ground 4 is procedurally defaulted.

Respondents similarly contend that the ineffective assistance claim in Ground 5 is unexhausted and that the due process claim is procedurally defaulted. Respondents further contend that Ground 5 in any event should be dismissed with prejudice because the claim is directly belied by the record. Petitioner claimed that the habitual offender adjudication was not supported by certified copies of the prior judgments of conviction, but the Supreme Court of Nevada found that the contrary was true and that certified copies in fact were made of record.

In his opposition, petitioner concedes the dismissal of all grounds except for Grounds 2 and 3.[15] Grounds 4 and 5 therefore will be dismissed on the basis asserted by the respondents.

***Final Disposition of the Petition***

Of the claims that remained before the Court prior to the motion to dismiss, the remaining ineffective assistance claim in Ground 2 is unexhausted, the remaining due process claim in Ground 3 is procedurally defaulted, the ineffective assistance claim in Ground 4 is unexhausted and the due process claim is procedurally defaulted, and the claims in Ground 5 are subject to summary dismissal as belied by the record.

The Court thus is left with a petition that does not contain any exhausted claims. That is, after the dismissal of the remaining claims with prejudice, the Court has before it only unexhausted claims of ineffective assistance of counsel in Grounds 2 and 4. When none of the claims in the petition are exhausted, the entire petition is subject to immediate dismissal. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

The Court accordingly will enter a final judgment of dismissal.

---

[15] #36, at 2, lines 11-12.

IT THEREFORE IS ORDERED that the respondents' renewed motion (#33) to dismiss is GRANTED, such that all remaining claims in the petition are DISMISSED, without prejudice as to the claims of ineffective assistance of counsel in Grounds 2 and 4 and with prejudice with respect to all other remaining claims in Grounds 3, 4 and 5.

The Clerk of Court shall enter final judgment accordingly in favor of the respondents and against the petitioner.

DATED: March 26, 2009

_____
ROBERT C. JONES
United States District Judge

(gsk-p3)